UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ALMIGHTY SUPREME BORN ALLAH,
        Plaintiff,

        v.

LYNN MILLING, et al.,
        Defendants.

PRISONER
CASE NO. 3:11-cv-668(CFD)

## INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983. The plaintiff sues Director of Offender Classification and Population Management Lynn Milling, Counselor Supervisor Griggs, Warden Quiros, Captain Cahill, Deputy Warden Powers, Deputy Warden Faucher, District Administrator Michael Lajoie and Deputy Commissioner Dzurenda.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that he was re-admitted to the Department of Correction on September 13, 2010. A hearing was held on September 30, 2010, to determine whether the plaintiff should be confined in administrative segregation. Because the plaintiff had not completed the administrative segregation program prior to his release from the Department of Correction in March 2010, Hearing Officer Griggs decided to place the plaintiff back in the administrative segregation program per Department of Correction policy. Director of Offender Classification and Population Management Lynn Milling and Deputy Commissioner Dzurenda approved this placement.

The plaintiff complains that during his confinement in the administrative segregation program, he must remain in his cell twenty-three hours a day and recreate and shower with shackles on. In addition, he may only use the phone and visit with his family and access the court on a limited basis. He claims that Warden Quiros, Deputy Wardens Faucher and Powers, District Administrator Michael Lajoie and Captain Cahill were aware of these conditions and that these conditions constitute punishment in

violation of his rights as a pretrial detainee under the Fourteenth Amendment.

The plaintiff also alleges that on January 22, 2011, he was forced to shower with leg shackles on and fell and hit his head. He complains of injuries to his neck, back and arm. The plaintiff seeks monetary damages.

To the extent that plaintiff sues the defendants in their official capacities, the claims for money damages are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). The claims for money damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

After reviewing the complaint, the court concludes that the case should proceed at this time as to the Fourteenth Amendment Due Process claims and the Eighth Amendment conditions of confinement claims against all defendants in their individual capacities.

**ORDERS**

The court enters the following orders:

(1) The claims against all defendants for monetary damages in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The claims in the complaint shall proceed against all defendants in their individual capacities.

(2) Within **fourteen (14) days of this Order**, **the Pro Se Prisoner Litigation**

**Office shall** ascertain from the Department of Correction Office of Legal Affairs the current work addresses for the defendants and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address. On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5) **Defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this order. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240**

**days)** from the date of this order.

      (8)    Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED.**

      Dated this 29th day of July 2011, at Hartford, Connecticut.

                                  /s/ Christopher F. Droney
                                  Christopher F. Droney
                                  United States District Judge